Good morning, Your Honors, and may it please the Court. My name is Todd Gregorian of Pendleton West. I am representing Plaintiff Appellants Juan and Lynn Barela. Could you speak up just a little bit? Certainly. Juan Barela was arrested for obstructing a police officer while he was engaged in constitutionally protected conduct and doing nothing else as a matter of undisputed fact on this record that would subject him to an arrest. Because of this, summary judgment on his Section 1983 claim against the arresting officer on the basis of qualified immunity was inappropriate. Appellees have identified five grounds that potentially support probable cause to arrest for obstruction. Those are Mr. Barela's insistence on tape recording the conversation he had with the officer. That's really the only thing at issue, isn't it? I believe so. With respect to all other... Focus on that. I will. At this point... One of the other things they alleged was that he may have obstructed the officer's access to the interview room, but apparently when the officer arrested your client, the officer did not know that. Is that correct? Is that what the record shows? Let me see if I follow. With respect to the allegations that Mr. Barela blocked the doorway to the clinic room, the officer did not identify that as a basis for the arrest in the original citation. That's off the table. It was identified later in her supplemental report. The instruction to the child, that was something that was not known at the time. Is that correct? Correct. So we've offered a number of alternative arguments with respect to it. The simplest is just that that instruction was not known to the officer until after she arrested Mr. Barela. And that goes to the tape. The evidence of that is, number one, the tape recording, which... Is the officer under an obligation? I want to talk about the obstruction of justice, and then I'll let you talk about the tape recording, because that's important as well. On the obstruction, although the officer did not articulate that at the time, she does put that into her report. So is it clear that Mr. Barela had stood in the doorway and tried to prevent her from entering the room before she arrested him? If it was undisputed that he blocked the doorway, and those were part of the circumstances existing at the time prior to the arrest, it doesn't matter that this officer did not subjectively rely on that fact. That's correct. So what the officer tells him is not as important as what actually happened. That's correct. With respect to the instruction, the evidence in the record on that is, number one, the tape recording, which indicates that the officer didn't learn about the instruction until after Mr. Barela was sitting in the back of her patrol car and had been arrested. And her declaration, which only says on the subject that when she returned to the clinic room after arresting Mr. Barela, the children refused to answer questions on the basis of an instruction that they told her about at that time. I'm sorry. So back to the recording activity itself. At this point, his First Amendment right to record his encounter with Officer Canepa isn't disputed as a part of this appeal. Appellees have conceded that in their supplemental opposition brief. Nevertheless, they do try and rely on it as a basis for probable cause, and I'd submit that that's clearly improper. Counsel, let's stipulate that it's well established that you may tape record certain public functions, tape recording a protest march, for example. But that doesn't give you the right to stand in the middle of I-5 if that's a good vantage point from which to tape. You can't obstruct traffic just because you're in the exercise of a constitutionally protected activity. So the fact that tape recording an officer's conversations may be protected doesn't mean that he's not obstructing her. So is there something else going on here besides the exercise of constitutionally protected conduct? Well, so that's correct, and our contention is not that the fact that he is tape recording a conversation immunizes his other conduct. It's simply that once you subtract the tape recording itself from the equation because it's constitutionally protected, there's no other factually undisputed basis on which you can find an obstruction. Furthermore, they've identified no facts about the manner in which he recorded that would possibly constitute obstruction as well. So again, all of the remaining grounds for his arrest are factually disputed in the record, which is an important consideration when we get to the second prong of the qualified immunity analysis. Appellees have not contended that any of the rights discussed were not clearly established as of the time of the arrest. They've merely contended that a reasonable officer would not have understood herself to be committing a constitutional violation by arresting Mr. Borrella. Counsel, aside from the tape recording cases that occur under the Washington Privacy Act or that may occur under the First Amendment, are there any cases in which we've held that tape recording cannot be obstructing an officer? What should the officer, I don't know how to pronounce her name, Kaniba, what should the officer have known in the law that would have told her that she was violating a clearly established right? That that behavior was presumptively legal under both lines of decisions under the First Amendment from the circuit court. Again, the bare fact of it being either constitutionally protected or not a violation of the Washington Privacy Act does not establish that it's not obstruction of justice in the same way that tape recording a protest cannot be done from the middle of I-5. If you're obstructing traffic, you're causing other problems. You can burn flags in this country, but you can't, and that's a constitutionally protected activity, but you can't do so in violation of the air pollution statutes. So the question is, if I understand it correctly, the question is whether there are any decisions construing the obstruction ordinance or the parallel Washington obstruction statute as not applying to tape recording activity. Yeah, I want to know what cases the officer should have known of that would have told her that she was violating his constitutional rights. Right, and I think we have to concede that on that point, there are decisions construing the specific statute as not applying to tape recording. You don't need that under qualifying immunity, is that correct? In other words, there would never be a case until there was the precise issue, and that's not been the standard set by the Supreme Court, has it? That's correct. Furthermore, I submit that the law is clear in light of the First Amendment decisions that that conduct cannot be proscribed. You're down to about two minutes. Did you want to save some time for rebuttal? I'll reserve the remainder. Thank you. Thank you for your argument. We'll hear from the city at this time. Good morning, Your Honor. I'd like to reserve two minutes for my colleague, Teresa Barnett, who represents the co-defendant, Susan Bauer, in the case, so I'll try to use no more than eight minutes. Okay. Your Honor, we are asking that you uphold the summary judgment in its entirety. There are two parties that were sued in this case, and there's essentially been no argument presented to them, and I'll address them very briefly. Ann Cruiser was his defense counsel, and there's been no argument put forth as to why the summary judgment in her favor was not proper. This is a pro se complaint? Yes. Also, and there was no argument in the supplemental brief by counsel as it relates to Ann Cruiser. Likewise, there was no argument in the supplemental brief as it relates to Tom Leducer. He was the city attorney that simply filed the charge and then subsequently agreed to dismiss it voluntarily based on a letter that was written to him by Ann Cruiser. So I don't want to spend any more time than that. Both of those summary judgments should be upheld. Let me turn to what is really the core of this case, and that is the claim against Officer Canepa. And we believe that there was probable cause as a matter of law based on this. It is undisputed in this record that he physically obstructed her getting into the examination room. She makes a statement in her declaration, which is not controverted, on page 5, at lines 4 through 6. He stood in the doorway of the examination room, physically obstructing my ability to enter the room to interview the children. She says in her report, among other things, nor would he permit access to the granddaughters for interviews. She says in the citation, Borrella did obstruct Officer Canepa from investigating a sexual assault by refusing access to the victims who were not in his custody. So she has said that. That is uncontroverted. Now, granted, this... Let me back up, though. I thought the district court on that point said that there was a genuine issue of fact on the block. The district court doesn't spend a lot of time on that issue. Did the district court say that or not? I believe it did, Your Honor. Okay, so the district court says there's a genuine issue of fact, and you're now asking us to say, well, on that point, the district court was wrong. Well, you're reviewing a de novo, and you're looking at the exact same record as the judge. What, in fairness to the court, what Mr. Borrella takes issue with in his brief responding to our motion is that very point. That is not a brief signed under penalty of perjury. It does not comply with the requirements under 56 as testimony. So, granted, it's pro se, but unless you throw those rules out the door, there is no statement under oath by Mr. Borrella or anyone controverting the statements that I have just related to you. Do we have jurisdiction to entertain an interlocutory appeal in a 1983 qualified immunity context where it's the decision of the district court is fact-based? Well, I've been up here many times on qualified immunity arguments on interlocutory basis where qualified immunity is denied, and I've brought it up, and I'm usually not successful if the reason it was denied was because there are fact issues that need to be resolved, and that's not my point. I'm talking about what is in this record. I'm one step in back of that, and I'd like you to correct me if my impression is wrong. I thought it was about an eight-year-old Supreme Court decision written by Justice Breyer. Jones, I think, is one of the parties that says if there's an attempt in an interlocutory appeal to appeal denial or grant of summary, denial of summary on qualified immunity, if it's fact-based, we don't have jurisdiction. And frankly, I wouldn't take issue with that, Your Honor. This is, of course, not in that posture. This is a summary judgment in its entirety with respect to all claims against all defendants, and it's a timely appeal as a matter of right by Mr. Brella. So we're not here on an interlocutory basis. The Court dismissed all of his claims against all defendants. So that stands undisputed in this record, and there can't be a serious argument that physically obstructing an officer from entering an examination room where he clearly has information that justifies her investigation into child sex abuse would be probable cause. Mr. Brella clearly contests that. Your point is he just hasn't provided you with an affidavit that sort of conforms to the type of proof that we'd like to see at this point. And I guess it's more than what you'd like to see. As I read the rules and follow the rules, absent a declaration signed under penalty of perjury, you can say anything you want in a brief. There's no consequence to it other than Rule 11. Was he a representative at that time? No, he was not, Your Honor. So he's still pro se. He's still pro se, but interesting. There's an attempt to supplement the record here with some materials which we've objected to. There's been no attempt to try to recreate or restructure the argument by filing a declaration. But the district court evidently was willing to accept Mr. Brella's say-so without the witness affidavit. You know, whether or not he was willing to accept the say-so, I think he moved on to other points, which in the district court's mind supported probable cause or at least supported qualified immunity. Yet because this is de novo, I don't at all want to lose sight of the point that on this record, that statement is uncontroverted. Now, if I could, just in the interest of time, I'd like to direct some comments to your questions, Judge Bybee, about the recording. We don't contest that as a matter of law a person can record police activities. They cannot do that, though, in a way that obstructs the officer. And even if we give Officer Canepa or we charge her with the full knowledge of all of the cases decided under Washington law and under the First Amendment, it is still the manner in which he was engaging in this recording activity that I believe, one, supports probable cause, or two, certainly supports a finding of qualified immunity. It would be difficult and, I submit, not appropriate for this court to rule as a matter of law that no reasonable officer on the scene seeing what she saw, observing him physically obstructing her, using his recording device. Let's take the physical obstruction out of this one. Focus on the tape recording. If he's tape recording her, how is that obstructing her investigation? Well, what we don't have is a visual picture of what was taking place. But we can envision a scenario where she's trying to enter the room and instead he's standing with the tape recorder and is making some fashion motion with it. Is this qualified immunity based? I mean, the problem is the record. We don't have that in the record. I agree. That's the I-5 or the pollution law. It's the constitutional issue plus. And the question we're looking for, I think, is what's the plus here? What takes him out of simply the recording? Well, what takes her out of the recording is the physical obstruction. Well, you've provided us with a nice visual here, but I assume that you're not testifying on behalf of Officer Canaffa. Thank you. I did my best at the visual. And I don't think there's anything in the record that suggests that he was moving back and forward with the tape recorder. I was really just trying to answer the court's question. And that would be a perfectly good argument, but you don't have any facts to support it. You're right on that. I don't. On the other hand, there are no facts to controvert her statement that she was physically obstructed from entering the examination room. Okay. So physical obstruction is really the crux of your argument. That has to be the main horse I'm riding here. Yes, Your Honor. Okay. So it sort of rises and falls on what we think the record actually says on physical obstruction and not on the question of tape recording. Well, I don't think the tape recording record is adequate, frankly, on that point, and I'll concede that. But I do believe the record is uncontroverted. Unless you throw out the requirements of Rule 56, it is uncontroverted from a testimonial standpoint. And it's obviously an important point, because there's a penalty of perjury associated with making statements in a declaration that is not associated with making statements in a brief. You're into your two minutes. I am, and I'm going to get out of here. Thank you, Your Honor. May it please the Court. I'm Teresa Barnett for Susan Bauer. Susan Bauer is the county prosecutor in this case. The allegation was made that Mr. Barella or that Officer Canepa called Sue Bauer, who then instructed her to arrest. That is not supported by the record. And so while the district court engaged in the qualified immunity analysis, I think what's even more important in this is that there's no causal connection between any arrest of Barella and any action by Susan Bauer. The record does support that Officer Canepa did call the county prosecutor at some point after the arrest, and that's supported by the audio tape as well, if the court listens to that. He's been arrested and in the car for some time, and I think he's even actually down at the police station before that phone call is made. So in that regard, Susan Bauer really had no, there was no causal connection between anything that happened with Barella and the arrest. Would it matter if it was done in the course of the prosecutor's duty, whether it was causal or not? Wouldn't it just simply be immunity? If Bauer had instructed Officer Canepa to take an unlawful or an unconstitutional action against him, then she could be held liable. But in this case, there's simply nothing, they didn't talk about it. And a county prosecutor wouldn't generally be advising a municipal officer. And Officer Canepa's declaration firmly supports that when she did call Susan Bauer, they discussed the felony sex abuse investigation to the other suspect, Rigo. Their discussion did not even concern Barella. And Susan Bauer was pulled into this really without any record. Okay. Thank you. Thank you for your argument. Rebuttal? How do you respond to the city's argument that in their view or in its view, it boils down to the obstructing at the door and that there's not controverting evidence on that point? So the evidence in the record that we'd offer for no door blocking occurring would be the declaration of Officer Canepa herself as well as her supplemental report, which states that when she arrived to the clinic room, she went inside the room and asked Mr. Barella to accompany her outside, which is in direct contradiction to any notion that he was standing in the doorway refusing her access. Barella has declaration testimony to the same effect. It is correct that it is unsworn. He omitted the paragraph that attests to it under penalty of perjury. But I would submit that that circumstantial evidence is enough to contradict Canepa's other testimony that he was blocking the door. I'd like to quickly address the issue of the supplemental versus the original opening brief. There hasn't been a waiver of any arguments in the opening brief. That's why we filed a supplemental brief as opposed to a replacement brief. My clients feel very strongly about the arguments that are raised in the opening brief and request a ruling from the court on those issues. Finally, I'd just like to briefly address the issue of discovery, should this case be remanded. The magistrate reached beyond a determination that there was no claim against the city based on the lack of a constitutional violation and actually affirmatively found an absence of evidence against the city on summary judgment for Monell's claim. I guess if you get back below, you can attempt to convince the district court that you have a good faith basis for making a Monell claim, correct? The only event in which we couldn't would be if this circuit affirmed the district court ruling that there was insufficient evidence on the Monell claim. Okay. Thank you for your arguments. Thank both sides for their arguments. The case just argued will be submitted.
judges: Hawkins, McKeown, Bybee